UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SYLVIA JANE RODARTE, | ) |
| Plaintiff | ) CASE NO: 6:12-cv-00055-NKM |
| v. | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| and | ) |
| WAL-MART STORES EAST, L.P. | ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMSS

This claim arises not from Wal-Mart Stores East, L.P.'s[1] termination of the plaintiff, but from their actions following Ms. Rodarte's termination. Ms. Rodarte claims that agents of Wal-Mart Stores East, L.P. ("Wal-Mart") intentionally provided false information to the Rockbridge County Sherriff's Department in order to cause the plaintiff to be prosecuted for embezzlement. Plaintiff, Sylvia Rodarte claims that the false information related to the Sherriff's Department by the defendants, by and through their agents, was designed to cause the plaintiff to be prosecuted, and to suffer the negative consequences of such a prosecution.

Further, plaintiff claims that the defendants' actions in causing a criminal prosecution to be instituted against Ms. Rodarte for an ulterior purpose, that of

---

[1] Plaintiff was unable to ascertain, prior to filing her claim, which of several Virginia-registered Wal-Mart entities was her actual employer. Having narrowed the list down to two possibilities, she determined to file suit against both, with the understanding that discovery would determine the correct defendant, and enable the plaintiff to dismiss the other defendant voluntarily. As the defendants have averred in their pleadings that Wal-Mart Stores East, L.P., plaintiff agrees to voluntarily dismiss Wal-Mart Associates, Inc. without prejudice, or alternatively consents to the court doing so as part of its Order on defendants' Motion to Dismiss.

discouraging other employees from price matching in order to reduce the amount of discounts given and maximize profits. Moreover, Ms. Rodarte was in fact arrested and prosecuted for embezzlement against Wal-Mart, and was acquitted in a bench trial in the Rockbridge County General District Court.

These allegations, if accepted by the court as alleged set forth the essence of a claim against Wal-Mart, which has been categorized by the plaintiff as several different causes of action: malicious prosecution, unlawful arrest, intentional infliction of emotional distress, abuse of process and defamation. At this point the facts alleged by the plaintiffs support a plausible claim. No more is required of the plaintiff, and her suit should be allowed to continue.

### A. RULE 12(b)(6) STANDARD OF REVIEW

A court's review of a motion made under Fed R. Civ. P. 12(b)(6) is limited to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated into the complaint by referenced, and may also consider matters of which judicial notice may be taken. *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Berhneim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp v.*

*Twombly*, 550 U.S. 544, 555 (2007), i.e., enough to make the claim "plausible," *Id.* at 570.

This standard does not prevent a plaintiff from "pleading facts alleged 'upon information and belief" where the facts are peculiarly within the possession and control of the defendant, *see, e.g., Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir.2008), or where the belief is based on factual information that makes the inference of culpability plausible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

### B. COUNT I – MALICIOUS PROSECUTION

For a plaintiff to prevail in a suit for malicious prosecution he must allege and prove (1) that the prosecution was instituted by, or with the cooperation of, the defendant; (2) that the prosecution was terminated in a manner not unfavorable to the plaintiff; (3) that it was without probable cause; and (4) that it was malicious. *Niese v. Klos*, 216 Va. 701, 703, 222 S.E.2d 798, 800 (1976).

Defendants correctly point out that malicious prosecution actions are not favored in Virginia and that in state court, the requirements for maintaining such actions are more stringent than those applying to most other tort claims. The reason for this disfavor is that criminal prosecutions are essential for the maintenance of an orderly society and people should not be discouraged from bringing such actions for fear of subsequent civil proceedings against them. *Niese*, 216 Va. at 703, 222 S.E.2d at 800 (1976). But when "the requirements have been met and the proper elements to support the action have been presented, the action will be readily upheld." *Bain v. Phillips*, 217 Va. 387, 393, 228

S.E.2d 576, 581 (1976), *quoting Wiggs v. Farmer*, 205 Va. 149, 151, 135 S.E.2d 829, 831 (1964).

In their Motion, defendants argue that the plaintiff has not adequately set forth a claim for malicious prosecution, because she did not "identify the contents of the allegedly false information, how it was malicious, or how probable cause was lacking.[2]" The level of detail proposed by the defendants is not required by Rule 8, or the *Twombly* case, and their characterization of the plaintiff's Complaint leaves out significant and clearly stated factual allegations made by the plaintiff in the Complaint.

In paragraphs 5 of the Complaint, plaintiff claims that defendants accused her of embezzlement, for applying "price match" discounts improperly. Further, plaintiff claims that she applied "price match" discounts in accordance with Wal-Mart's policies and regularly accepted practices as they existed at the Lexington, Virginia Wal-Mart location. In paragraph 6 of her Complaint, plaintiff claimed that defendant knew or should have known that her actions in applying "price match" discounts were not embezzlement or any other sort of criminal activity.

Probable cause in malicious prosecution actions is defined as "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Va. R. & P. Co. v. Klaff*, 123 Va. 260, 266, 96 S.E. 244, 246 (1918), *Bain v. Phillips*, 217 Va. 387, 228 S.E.2d 576 (1976); *Gaut v. Pyles*, 212 Va. 39, 41, 181 S.E.2d 645, 647 (1971); *Giant of Virginia v. Pigg*, 207 Va. 679, 684, 152 S.E.2d 271, 275 (1967). "The test of probable cause is to be applied as of the time when the action complained of was taken." *Bain*, 217 Va. at 394, 228 S.E.2d at 581.

---

[2] Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint, at page 5.

Only where the facts relating to probable cause are not in dispute in a malicious prosecution action does the issue become a question of law for the court; and when such facts are in dispute, the issue is one of fact to be resolved by the triers of fact. *Brodie v. Huck*, 187 Va. 485, 488, 47 S.E.2d 310, 312 (1948); *Virginia Elec. & P. Co. v. Wynne*, 149 Va. 882, 892, 141 S.E. 829, 833 (1928).

The plaintiff has clearly pled sufficient facts, which if proved to be true, would establish that the defendants lacked probable cause for their pursuit of criminal charges against Ms. Rodarte. The only remaining question pertaining to the malicious prosecution claim is whether the plaintiff has sufficiently pled malice, and that question is easily resolved.

Different levels of malice can be established, which support different levels of recovery in a malicious prosecution claim. *See, Oxenham v. Johnson*, 402 S.E.2d 1, 5 241 Va. 281, 289 (Va., 1991). Compensatory damages can be recovered if the plaintiff can establish "legal" malice. *Id.* The element of "legal" malice may be inferred from a lack of probable cause, but a lack of probable cause may not be inferred from malice. *Bill Edwards Oldsmobile, Inc. v. Carey*, 219 Va. 90, 100, 244 S.E.2d 767, 773 (1978).

In malicious prosecution actions, evidence of "misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others" is required to support recovery punitive damages. *Giant of Virginia*, 207 Va. at 685, 152 S.E.2d at 277. Actual malice, or malice in fact, may be established by showing that the prosecutor's action was prompted by ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another. *Id* at 685-86, 152 S.E.2d at 277.

The institution of a criminal prosecution not for the purpose of bringing an offender to justice, but for the primary purpose of using it as a means to collect a debt, is for an improper purpose and therefore malicious. *Lee v. Southland Corp.*, 219 Va. 23, 27 244 S.E.2d 756, 759 (Va., 1978)(citations omitted). "Willful and conscious misuse of the criminal process constitutes a reckless disregard of the rights of another and is therefore malicious." Id. at 28, 759

Actual malice may be inferred from the plaintiff's allegations that defendants' actions in instituting a criminal prosecution were "designed to embarrass and damage plaintiff." (Complaint, ¶ 11) That is a clear allegation that the defendants' actions were a conscious effort to misuse the criminal process for a purpose other than bringing an offender to justice. Another ulterior motive was alleged against Defendants in ¶22 of the Complaint, where plaintiff claims that "the arrest warrant and subsequent criminal prosecution were brought by Defendant [sic] in an effort to intimidate Lexington Wal-Mart employees against giving out "price match" or other discounts.

For the purposes of rebutting a Rule 12(b)(6) motion it should be sufficient to recognize that the plaintiff has alleged facts that plausibly support the element of malice, whether it may be determined that the defendant acted only with "legal" malice, which may be inferred from the lack of probable cause, which as stated above, has been alleged with sufficient facts to describe a plausible claim. Thus, plaintiff's claim for malicious prosecution has been set out clearly and plausibly, and should not be dismissed.

C.   **COUNT II – FALSE IMPRISONMENT**

The first portion of Defendants' argument reiterates their contention that plaintiff failed to allege that the defendants acted without probable cause. This issue has been

addressed thoroughly in the previous section, and the plaintiff's arguments therein apply equally to this count.

Supporting their argument Defendants cited *McPherson v. A.L. Anderson*, 2012 U.S. Dist. LEXIS 96069 (E.D. Va., July 6, 2012), in reviewing the court's reasoning in that decision, plaintiff recognizes that the sum of her allegations in the Complaint does not satisfy the requirements of the court's interpretation of the tort of false imprisonment. "Therefore, even a person procuring an erroneous warrant, 'maliciously and without probable cause,' is not liable in an action for false imprisonment." *Id* (citations omitted). Accordingly, the plaintiff moves the court to allow the plaintiff 21 days to either amend the complaint to address that failing, or to dismiss the claim voluntarily pursuant to Fed. R. Civ. P. 41(A)(1)(a)(i) if a review of the case does not yield the facts upon which to base an amendment.

### C. COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under Virginia law, intentional infliction of emotional distress requires that (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends generally accepted standards of decency and morality; (3) the wrongdoer's conduct caused the emotional distress; and (4) the emotional distress was severe. *See, Womack v. Eldridge*, 210 S.E. 2d 145, 148 (Va. 1974).

In their Motion, Defendants make several references to the stringent proof and pleading requirements imposed by Virginia state courts on claims for intentional infliction of emotional distress ("IIED"), describing a high initial threshold for such claims to avoid dismissal. While there is a heightened pleading requirement for IIED in state court, the same is not true in federal court.

"Although a plaintiff in Virginia state court must plead the facts supporting these elements of a Virginia IIED claim "with the requisite degree of specificity," the Fourth Circuit has held that normal federal pleading rules apply to such claims when they are brought in federal court. *See, Hatfill v. New York Times Co.*, 416 F.3d 320, 337 (4th Cir. 2005). This rule should hold particularly true where it is the defendant that has availed itself of jurisdiction in federal court via the process of removal. In this court, the defendants' contention that IIED is subjected to heightened scrutiny at this stage is not supported under the law.

Defendants propose a detailed and close examination of the IIED count, seeking to find that the pleading can show the elements of IIED to the exacting specification required in state court. Though there are cases in which various District Courts have undergone this exacting review of the pleadings, the holding in *Hatfill* shows that this level of scrutiny is not merely excessive, it is reversible error. However there are numerous cases cited by the defendants in which District Courts appear to have somehow either overlooked or distinguished the 4th Circuit's holding in *Hatfill*. Plaintiff, therefore, must directly address the alleged deficiencies with the pleading as well. The Defendants challenge the sufficiency of the Complaint as to elements (2), the "outrageous and intolerable" conduct and (4), the "severe" distress of the Plaintiff.

Defendants first contend that the plaintiff's IIED claim is deficient because it does not allege sufficient facts to show, even at this early stage, that the conduct alleged may be reasonably regarded as so extreme and outrageous as to permit recovery.[3]

---

[3] Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint, at page 6 (citations omitted).

"[A]t least under some circumstances, a knowing procurement of a false warrant, leading to an erroneous arrest and detention of an innocent person, could rise to the level of being 'utterly intolerable in a civilized community.'" *McPherson*, 2012 U.S. Dist. LEXIS 96069 at *14 (E.D. Va., July 6, 2012)(citations omitted).

Here, plaintiff has alleged that defendant falsely and with improper and ulterior motives, falsely informed the plaintiff of embezzlement and instigated a criminal prosecution against the plaintiff based on that false allegation, which also resulted in the plaintiff's name being published in the local newspaper listing her as a criminal defendant accused of embezzlement. The plaintiff was terminated by the defendants, and then accused of embezzlement in a manner that became quite public. If proven, the circumstances of Plaintiff's case show actions by the defendants that rise to the intolerable level required.

Defendants next contend that the plaintiff's IIED claim must be dismissed because she has not adequately alleged "severe" emotional distress. Citing *Russo v. White*, 241 Va. 23, 28, 400 S.E.2d 160, 163, defendants contend that plaintiff failed to adequately claim "severe" emotional distress, because she failed to allege that she had any objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, *or that she lost income*. See, Id. (emphasis added).

However, the defendants are not complete in their review of the plaintiff's Complaint with respect to the IIED claim. Ms. Rodarte specifically claims that as a result of the defendants' actions, she has incurred attorney's fees *and suffered lost wages*. (Complaint at ¶11)(emphasis added). Under *Russo*, and employing the defendants'

analysis, therefore, plaintiff's claims are in fact sufficient to plausibly allege "severe distress." Even when subjected to the heightened scrutiny erroneously set forth by the defendants, the plaintiff has alleged sufficient facts to describe her IIED claim plausibly.

E.  COUNT IV – ABUSE OF PROCESS

Abuse of process involves the wrongful use of process after it has been issued. The essential elements of an abuse of process claim are "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Construction v. Mount Vernon Assoc.*, 235 Va. 531, 539, 369 S.E.2d 857, 862 (1988).

Defendants contend that plaintiff's allegation of an ulterior purpose is not sufficient to withstand a Motion to Dismiss. Plaintiff has alleged her belief as to the defendants' ulterior purpose clearly in ¶22 of the Complaint. As stated previously herein, Rule 8 does not prevent a plaintiff from "pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, *see, e.g., Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir.2008), or where the belief is based on factual information that makes the inference of culpability plausible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Internal discussions as to Wal-Mart's investigation and termination of Ms. Rodarte, the specifics of and motivations for their interactions with the Rockbridge County Sherriff's Department are all matters peculiarly within Wal-Mart's possession and control. Moreover, there is a plausible connection between the alleged ulterior

motive of inhibiting employees from giving out "price match" discounts and Wal-Mart's actions in prosecuting Ms. Rodarte for embezzlement, and its plausibility is only enhanced by the fact that Ms. Rodarte was acquitted of that charge.

The second element of this claim, however, does raise an issue. Though not the issue alleged by the defendants, the *Donohoe* case, cited by them, clearly indicates that it is a sine qua non for a claim of abuse of process that the defendant take an improper action *after* process is issued. *Donohoe,* 235 Va. at 540, 369 S.E.2d 857, 862. Plaintiff concedes that the Complaint as written does not contain such an allegation and again moves the court to allow the plaintiff 21 days to either amend the complaint to address that failing, or to dismiss the claim voluntarily pursuant to Fed. R. Civ. P. 41(A)(1)(a)(i) if a review of the case does not yield the facts upon which to base an amendment.

### F. COUNT V - DEFAMATION

A defamation complaint, like any other civil complaint in federal court, must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See, Hatfill v. New York Times Co.,* 416 F.3d 320, 337 (4th Cir. 2005). As stated previously herein, the Fourth Circuit has expressly rejected the heightened pleading standards proffered by defendants for claims of defamation.

Defendants contend that it is fatal to the defamation claim that the plaintiff's failure to include the exact words she claims to have been spoken to defame her, and cite to two Virginia Circuit Court opinions in which that requirement was laid upon the plaintiff. Had this case remained in state court, that requirement may indeed have been

applicable, but in federal court, there simply is no basis upon which to assume any stricter pleading requirements for defamation than for any other civil action.

To state a claim for defamation in Virginia, the Plaintiff must allege enough facts to raise beyond a speculative level: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005) (identifying the elements of libel); *Fleming v. Moore*, 275 S.E.2d 632, 635 (Va. 1981) (noting that "Virginia makes no distinction between actions for libel and those for slander").

Publication occurs when an actionable statement is transmitted "to some third person so as to be heard and understood by such person." *Thalhimer Bros. v. Shaw*, 156 Va. 865, 871, 159 S.E. 87, 90 (1931); see also Snead v. Harbaugh, 404 S.E.2d 53, 55 (Va. 1991). The defendants did not take specific issue with the element of publication.

The second element is whether the statement itself is "actionable." Certain types of false statements are actionable per se:

> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

*Carwile v. Richmond Newspapers*, 196 Va. 1, 4, 82 S.E.2d 588, 591 (Va. 1954). In this case, plaintiff has alleged that defendant falsely accused her of the criminal offense of embezzlement, making defendants' statements actionable per se under part (1) of the *Carwile* test. Further, a false accusation of embezzlement also imputes unfitness of the accused to be a cashier, due to a lack of integrity in discharge of duties, satisfying part

(3), and also prejudices one in his or her profession or trade, satisfying part (4) of the *Carwile* test. Thus, the plaintiff's Complaint contains ample assertion that the defendants' statements were actionable.

The false accusation of the commission of a criminal act generally is sufficient to establish an injury to the plaintiff's reputation. *See, e.g., WJLA–TV v. Levin*, 264 Va. 140, 153, 564 S.E.2d 383, 390–91 (2002). Indeed, an action for defamation based upon an accusation of criminal conduct may be maintained even when the plaintiff actually has been charged with the offense, entered a plea of no contest, and is convicted and sentenced for the crime. *Parson v. Carroll*, 272 Va. 560, 566, 636 S.E.2d 452, 455 (2006). Whether, and if so to what extent, a false accusation has injured the plaintiff or his reputation generally is a matter for the jury. *Lewis v. Kei*, 281 Va. 715, 708 S.E.2d 884 (2011).

The third element, intent, has been clearly asserted in the Complaint, and satisfies the requirements of Fed. R. Civ. P. 8 in presenting facts that make a plausible claim that defendants made defamatory accusations against Ms. Rodarte with either legal or actual malice as set forth in previous sections herein.

Defendants also seek to bar the claim for defamation based on either the absolute privilege associated with judicial proceedings or the qualified privilege arising from employment matters in discussion with others of corresponding interest or duty. Neither of these privileges serves to bar the plaintiff from proceedings at this point.

For the absolute judicial privilege to attach, the communication must be "material, relevant or pertinent" to a judicial process. *See, e.g., Penick v. Ratcliffe*, 149 Va. 618, 635, 140 S.E. 664, 669 (1927). However, the Supreme Court of Virginia issued significant clarifications as to the extent of this privilege where statements are made *before* the start of a

judicial proceeding. "Applying this requirement to communications preliminary to proposed judicial proceedings requires a reviewing court to examine whether: (1) the statement was made preliminary to a proposed proceeding; (2) the statement was related to a proceeding contemplated in good faith and under serious consideration, and (3) the communication was disclosed to interested persons." *Mansfield v. Bernabi*, 284 Va. 116, 727 S.E.2d 69 (2012).

The essence of the plaintiff's entire claim is that the criminal prosecution against her was instigated entirely by Wal-Mart's false statements, and was thereby not contemplated in good faith, but rather to punish, embarrass, humiliate and damage Ms. Rodarte while inhibiting or reducing the rate with which other Wal-Mart employees used "price match" or other discounts while serving customers. With her allegations regarded as true and with all reasonable inferences in her favor, Ms. Rodarte's defamation claim should not be dismissed because of the defendants claim of judicial privilege.

The defendants also claim a qualified privilege to communicate concerning Ms. Rodarte's employment with others of corresponding interests or duties, in this case, the Rockbridge County Sherriff's Department. However, the standard articulated by the defendants again requires a statement "made in good faith." As stated in the previous paragraph, all reasonable inferences are, for purposes of the Motion to Dismiss, made in favor of the plaintiff. The allegations in the Complaint, and the reasonable inferences made therefrom are sufficient to preclude a dismissal based on the qualified privilege as well. Accepting plaintiff's allegations as true, the statements of Wal-Mart's agents cannot be established as statements made in "good faith."

 G. COUNT VI – PUNITIVE DAMAGES

As defendant correctly observes, the sixth "Count" in the Complaint is not a separate cause of action, but rather a separate pleading regarding the level of the

defendants' malice. Several of the causes of action in the Complaint support a claim for punitive damages under certain circumstances, as described herein, and Count VI was included in the complaint to allege clearly that the defendants' actions with regard to the plaintiff were taken with actual malice, which is to say a willful decision to proceed with the making of false accusations and statements, knowing that the accusations were false or acting with a reckless disregard for the truth or falsity of their accusations and statements. (Complaint ¶28).

Defendants contend that the plaintiff made no factual allegation to support the claim for punitive damages, but that is inaccurate. While the accusations are admittedly brief and simple, the plaintiff alleges that the defendants made the false statements complained of in the other Counts of the Complaint with either a knowledge that Wal-Mart's statements were false, or with a reckless disregard for the truth or falsity of the statements of its agents. Those allegations, if proven, would entitle the plaintiff to punitive damages based on actual malice in the commission of malicious prosecution and/or defamation, at a minimum. As a result, Count VI – Punitive Damages should not be dismissed.

CONCLUSION

The defendants would have this court impose additional scrutiny above the standard articulated in *Twombly* and Fed. R. Civ. P. 8, but to do so would be error. When reviewed under the ordinary notice pleading rules, plaintiff's claims for malicious prosecution, intentional infliction of emotional distress and defamation have been pled with sufficient specificity to withstand defendants' Motion to Dismiss. The plaintiff requests that she be allowed to review her complaint with respect to the claims for false

arrest and abuse of process as well as any other count that this court is inclined to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). If leave is granted, by the court plaintiff will either amend the Complaint or dismiss those claims voluntarily within 21 days. The plaintiff's sixth count based on punitive damages was also alleged with a sufficient degree of specificity as to preclude dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiff, Sylvia Rodarte respectfully moves the court to deny defendants' Motion to Dismiss, and enter an order consistent with plaintiff's motion for leave to amend.

SYLVIA JANE RODARTE

By_____
       Of Counsel

Robert B. Armstrong, Esquire (VSB #32217)
3 McDowell St.
Lexington, Virginia 24450
(540) 463-6800 - telephone
(540) 463-6869 - facsimile

Brian J. McNamara, Esquire (VSB #44344)
Post Office Box 741
Lexington, Virginia 24450
(540) 817-0903 – telephone
(540) 463-6869 - Facsimile
bjmcnamara13@gmail.com
    Counsel for the plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2012, I electronically filed Plaintiff's Response to Defendants' Motion to Dismiss and Plaintiff's Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss using the CM/ECF system, which will send a notice and a true copy thereof electronically to:

Rebecca Signer Roche, Esquire
Counsel for Defendants Wal-Mart Associates, Inc.
and Wal-Mart Stores East, LP
Littler Mendelson, P.C.
1650 Tysons Boulevard, Suite 700
McLean, Virginia 22102
rroche@littler.com

and

Kevin Kraham, Esquire
Counsel for Defendants Wal-Mart Associates, Inc.
and Wal-Mart Stores East, LP
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036
kkraham@littler.com

/s/Brian J. McNamara
Brian J. McNamara