IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SYLVIA JANE RODARTE,  *Plaintiff,*<br><br>v.<br><br>WAL-MART ASSOCIATES, INC. ET AL.,  *Defendants.* | CASE NO. 6:12-cv-00055<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Sylvia Jane Rodarte ("Plaintiff") originally brought this action against Wal-Mart Associates, Inc. and Wal-Mart Stores East, L.P. ("Wal-Mart")[1] in Rockbridge County Circuit Court, alleging malicious prosecution, false imprisonment, intentional infliction of emotional distress, abuse of process, and defamation. After Wal-Mart moved to dismiss the original complaint, Plaintiff filed an Amended Complaint in which she dropped the false imprisonment and abuse of process claims. The case is currently before the Court upon Wal-Mart's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim. Pursuant to Local Rule 11(b), the parties have agreed to submission of the motion without a hearing. For the following reasons, I will grant Defendants' motion to dismiss in part and deny it in part.

I. BACKGROUND

Wal-Mart employed Plaintiff as a cashier at a store in Lexington, VA, from November 2000 until September 29, 2011. Wal-Mart allegedly terminated Plaintiff's employment because she improperly applied "price match" discounts to store merchandise. After Plaintiff's termination, Wal-Mart reported Plaintiff's actions to the Rockbridge County Sheriff's Office.

---

[1] Defendants state that Plaintiff was employed by Wal-Mart Stores East, L.P., and Plaintiff has agreed to dismiss Wal-Mart Associates, Inc. as a defendant. Accordingly, I will dismiss Wal-Mart Associates, Inc. from this action.

Plaintiff was arrested and criminally charged with embezzlement in an amount less than $200, and information about her arrest appeared in local newspapers. Ultimately, Plaintiff was found not guilty of the embezzlement charges following a bench trial in Lexington/Rockbridge General District Court.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). In sum, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

### III. DISCUSSION

In her Amended Complaint, Plaintiff alleges that Wal-Mart committed three common law torts: malicious prosecution, intentional infliction of emotional distress, and defamation. She also seeks punitive damages in the amount of $300,000. Federal courts sitting in diversity apply the substantive law of the forum state, including that state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). For tort claims brought in Virginia, the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*, 345 S.E.2d 267, 272 (Va. 1986). All of the parties' relevant conduct occurred in Virginia, so Virginia substantive law applies.

#### A. Malicious Prosecution

In Count 1 of the Amended Complaint, Plaintiff alleges that Wal-Mart committed the tort of malicious prosecution by falsely reporting to the Rockbridge County Sheriff's Office that Plaintiff committed embezzlement. As both parties recognize, "[a]ctions for malicious prosecution arising from criminal proceedings are not favored in Virginia." *Reilly v. Shepherd*, 643 S.E.2d 216, 218 (Va. 2007) (citing *Ayyildiz v. Kidd*, 266 S.E.2d 108, 110 (Va. 1980)). To establish a claim for malicious prosecution under Virginia law, a plaintiff must allege and prove that "the prosecution was (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Baker v. Elmendorf*, 628 S.E.2d 358, 359–60 (Va. 2006) (quoting *Andrews v. Ring*, 585 S.E.2d 780, 786 (Va. 2003)). Wal-Mart argues that Plaintiff has failed to allege facts that would establish that the prosecution was malicious or without probable cause.[2]

---

[2] Wal-Mart also argues that Plaintiff failed to allege that Wal-Mart instituted or cooperated in the prosecution. In the Amended Complaint, however, Plaintiff alleges that the Rockbridge County Sheriff's Office brought charges against her only after Wal-Mart approached the Sheriff's Office about her alleged embezzlement. It appears that Plaintiff would not have been prosecuted but for Wal-Mart's decision to report Plaintiff to the police. Thus, I find

"In the context of a malicious prosecution action, malice is defined as any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Hudson v. Lanier*, 497 S.E.2d 471, 473 (Va. 1998) (citing *Freezer v. Miller*, 176 S.E. 159, 169 (1934)). Although a lack of probable cause does not automatically prove malice, *see Bennett v. R & L Carriers Shared Services, LLC*, 744 F. Supp. 2d 494, 522–23 (E.D. Va. 2010), "[m]alice may be inferred from a lack of probable cause." *Reilly*, 643 S.E.2d at 219. For the purposes of malicious prosecution actions, probable cause is "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Id.* (quoting *Commissary Concepts Mgmt. Corp. v. Mziguir*, 594 S.E.2d 915, 917 (Va. 2004)).

Plaintiff specifically alleged in her Amended Complaint that her "actions in applying 'price match' discounts conformed to [Wal-Mart's] policies and regularly accepted practices as they existed at the Lexington Wal-Mart," and therefore Wal-Mart knew that Plaintiff's actions "did not constitute embezzlement or any other criminal act." If Plaintiff's actions in applying discounts conformed to Wal-Mart's policies and Wal-Mart knew that, then Wal-Mart lacked probable cause in reporting embezzlement to the police, and malice may be inferred. Wal-Mart will of course have the opportunity to show that it did have probable cause to report Plaintiff to the police, but taking Plaintiff's factual allegations as true and drawing all reasonable inferences in her favor, as I must at the motion to dismiss stage, I find that Plaintiff has adequately alleged malice and lack of probable cause. Because Plaintiff also alleged that she was found not guilty of embezzlement following a bench trial, I find that she has alleged facts sufficient to satisfy all

---

that Plaintiff has sufficiently alleged that the prosecution was "instituted by, or with the cooperation of, the defendant."

four elements of a malicious prosecution claim, and I will therefore deny Wal-Mart's motion to dismiss Count I of the Amended Complaint.

### B. Intentional Infliction of Emotional Distress

Next, Plaintiff alleges that by providing false information to the police, Wal-Mart committed intentional infliction of emotional distress ("IIED"). This intentional tort requires proof of four elements: "1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007). Although "a plaintiff in Virginia state court must plead 'with the requisite degree of specificity' the facts giving rise to his claim of severe emotional distress," federal pleading rules apply in a diversity case such as this one. *Hatfill v. New York Times Co.*, 416 F.3d 320, 337 (4th Cir. 2005).

Because I find that Plaintiff has not pleaded facts that would satisfy the fourth element of an IIED claim, I will dismiss Count II of the Amended Complaint. The Supreme Court of Virginia has said that "liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Russo v. White*, 400 S.E.2d 160, 163 (Va. 1991). In *Russo*, the plaintiff "alleged that she was nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work." *Id.* The court found these allegations insufficient because there was no claim of "objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Id.* Similarly, in *Long v. Teradata Corp.*, 1:12cv787, 2012 WL 3947811, at *5 (E.D. Va. Sept. 10, 2012), the court found allegations of "ongoing anorexia, alopecia, accelerated

hypertension, and stress related insomnia with endogenous depression" did not constitute severe emotional distress under Virginia law.

Plaintiff in this case has failed to allege facts sufficient to show that she suffered severe emotional distress. Although Plaintiff presents conclusory allegations that she "suffered extreme mental and emotional anguish" and that her "emotional distress was severe," she has pleaded no facts to support these conclusions. The Amended Complaint contains no allegations of physical symptoms or other facts that would demonstrate that she suffered severe emotional distress. Plaintiff contends that her allegations that she lost wages is sufficient. However, the loss of wages occurred as the result of her losing her job, not as a result of any emotional distress she suffered, and is therefore inadequate. *See McPhearson v. Anderson*, 873 F. Supp. 2d 753, 761 n.8 (E.D. Va. 2012); *Long*, 2012 WL 3947811, at *6. Because Plaintiff has failed to allege facts that would support a claim for IIED under Virginia law, I will dismiss Count II of the Amended Complaint.

### C. Defamation

In Count III of the Amended Complaint, Plaintiff asserts a claim for defamation. Under Virginia law, defamation claims contain three elements: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005); *Cutaia v. Radius Eng'g Intern., Inc.*, No. 5:11cv00077, 2012 WL 525471, at *3 (W.D. Va. Feb. 16, 2012). Publication simply means communication of a statement to a third person so as to be understood by that person. *See Jafari v. Old Dominion Transit Mgmt. Co.*, 462 F. App'x 385, 390 (4th Cir. 2012) (citing *Thalhimer Bros. v. Shaw*, 159 S.E. 87, 90 (1931)). To be actionable, a statement must be both false and defamatory. *Jordan*, 612 S.E.2d at 206. "A defamatory statement is one that tends to 'harm the reputation of another [so] as to lower him in the

estimation of the community or to deter third persons from associating or dealing with him.'"

*Cutaia*, 2012 WL 525471, at *3 (quoting *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092

(4th Cir. 1993)). Certain defamatory words are actionable per se, including:

> Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished . . . [and] [t]hose which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment.

*Tronfield v. Nationwide Mut. Ins. Co.*, 636 S.E.2d 447, 449–50 (Va. 2006) (quoting *Fleming v.*

*Moore*, 275 S.E.2d 632, 635 (Va. 1981)).

As for the third element, the "requisite intent a plaintiff must prove in a defamation action depends upon the plaintiff's status as a public or private figure and the damages sought." *Jordan*, 612 S.E.2d at 207. For private figures such as Plaintiff, the Supreme Court of Virginia has adopted a negligence standard. *See Gazette, Inc. v. Harris*, 325 S.E.2d 713, 724–27 (Va. 1985). Under that standard, in order to recover compensatory damages, a plaintiff must show that a "publication was false, and that the defendant either knew it to be false, or believing it to be true, lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication was based." *Id.* at 725. Any plaintiff seeking punitive damages must show actual malice. *Jordan*, 612 S.E.2d at 207.

I find that Plaintiff has adequately alleged each of the three elements of a defamation claim. First, reporting to the police that Plaintiff engaged in embezzlement easily satisfies the publication requirement. Second, Plaintiff alleges that Wal-Mart falsely told the police she was engaging in embezzlement. Such a statement is per se defamatory both because it "impute[s] to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished" and because it imputes an "unfitness

to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment." *Tronfield*, 636 S.E.2d at 449–50. Third, I find that Plaintiff has alleged facts sufficient to show the requisite intent to recover compensatory damages under Virginia defamation law. Plaintiff alleges that Wal-Mart knew that her actions in applying "price match" discounts conformed to store policy, and therefore Wal-Mart knew that she was not committing embezzlement. Thus, according to Plaintiff, when Wal-Mart reported to the police that she was engaging in embezzlement, it knew such statements were false. Knowledge that a statement is false exceeds the negligence standard established by the Supreme Court of Virginia and therefore satisfies the third element

Wal-Mart contends that Plaintiff's claim must be dismissed because she did not allege the exact defamatory words spoken. Although Wal-Mart is correct that in Virginia state court, a plaintiff bringing a defamation claim must allege the exact defamatory words spoken, *see, e.g.*, *Fuste v. Riverside Healthcare Ass'n, Inc.*, 575 S.E.2d 858, 862 (Va. 2003), since this action is in federal court, federal pleading rules apply. Accordingly, Plaintiff's Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. I find that by alleging that Wal-Mart falsely told the police that she committed embezzlement, Plaintiff has pleaded the content of the allegedly defamatory statements with sufficient particularity to meet the federal pleading standard.[3]

---

[3] Wal-Mart cites four cases that it claims show that Virginia federal courts have required that defamation complaints contain the exact alleged defamatory statement. In two of Wal-Mart's examples, the court mentioned the Virginia pleading rule but did not rely on it in dismissing the defamation claims. *See Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F. Supp. 2d 153, 168–69 (W.D. Va. 2011) (dismissing a defamation claim because the allegedly defamatory statement was true and plaintiff did not allege facts to establish the requisite intent or that she suffered embarrassment, public shame, or emotional harm); *Blagogee v. Equity Trustees, LLC*, No. 1:10-CV-13, 2010 WL 2933963, at *6 (E.D. Va. July 26, 2010) (dismissing plaintiffs' defamation claim because they failed to establish a reasonable inference that the defendant caused harm to their reputations). To the extent that the other two cases may have relied on the Virginia pleading rule rather than federal rules, I disagree with such reliance.

Wal-Mart also argues that Plaintiff's defamation claim must be dismissed because the defamatory statements at issue were either absolutely or qualifiedly privileged. "It is well settled that 'words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged.'" *Donohoe Const. Co., Inc. v. Mount Vernon Assocs.*, 369 S.E.2d 857, 860 (Va. 1988) (quoting *Darnell v. Davis*, 58 S.E.2d 68 (Va. 1950)). "[T]he maker of an absolutely privileged communication is accorded complete immunity from liability even though the communication is made maliciously and with knowledge that it is false." *Lindeman v. Lesnick*, 604 S.E.2d 55, 58 (Va. 2004). In general, the privilege "applies to communications made in proceedings pending in a court or before a quasi-judicial body." *Id.* (citing *Penick v. Ratcliffe*, 82 S.E. 745, 747 (Va. 1927)). The rule is "broad and comprehensive, including within its scope all proceedings of a judicial nature, and includes any proceeding for the purpose of obtaining such remedy as the law allows." *Donohoe*, 369 S.E.2d at 860 (internal citations and quotation marks omitted). Because its purpose is to encourage unrestricted speech in litigation, the Supreme Court of Virginia has "extended the application of the absolute privilege well beyond the actual courtroom." *Lindeman*, 604 S.E.2d at 58.

The specific question in this case is whether the absolute privilege protects a defendant who knowingly made to the police defamatory statements that led to a criminal prosecution of the plaintiff. Although the Supreme Court of Virginia has not addressed this precise situation, it has discussed application of the privilege to defamation claims arising out of statements made prior to the initiation of litigation. In *Lindeman*, the court declined "to extend the absolute privilege to mere potential litigation" because to do so would "permit defamatory communications to be made with impunity merely upon an assertion that litigation might be subsequently initiated." *Id.* Last year, in *Mansfield v. Bernabei*, 727 S.E.2d 69, 72, 75 (Va.

2012), the court clarified under what circumstances the privilege applies by adopting the rule set forth in the Restatement (Second) of Torts §§ 586–87, "as well as the additional requirement that the disclosure be made only to interested persons." Section 587 of the Restatement states that:

> A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.[4]

Although Wal-Mart is not a party to a private litigation, a private prosecutor, or a defendant in a criminal prosecution, comment b to § 587 states that the privilege applies "to information given and informal complaints made to a prosecuting attorney or other proper officer preliminary to a proposed criminal prosecution whether or not the information is followed by a formal complaint or affidavit." Wal-Mart's statements about Plaintiff to the Rockbridge County Sheriff fall within the coverage described in comment b. When the privilege applies, it protects a party "from liability for defamation irrespective of his purpose in publishing the defamatory matter, of his belief in its truth or even his knowledge of its falsity." Restatement (Second) of Torts § 587, cmt. a; *see also Lindeman*, 604 S.E.2d at 58 (recognizing that the privilege applies to defamatory statements made maliciously and with knowledge that they are false).

However, comment to § 587 states that "[a]s to communications preliminary to a proposed judicial proceeding, the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration." This requirement of "good faith" seems to conflict with the "absolute" nature of the privilege. In *Mansfield*, the Supreme Court of Virginia tied the good faith requirement to the longstanding Virginia common law requirement that for "absolute privilege to attach, the communication must be 'material, relevant or pertinent' to the judicial process." 727

---

[4] Section 586 describes when the privilege applies for attorneys and is not relevant in this case.

S.E.2d at 73 (quoting *Penick*, 140 S.E. at 669). The court's analysis in *Mansfield* suggests that a statement made prior to a court proceeding contemplated in bad faith is simply not material or relevant to the judicial process. According to the court:

> Applying this [materiality or relevance] requirement to communications preliminary to proposed judicial proceedings requires a reviewing court to examine whether: (1) the statement was made preliminary to a proposed proceeding; (2) the statement was related to a proceeding contemplated in good faith and under serious consideration, and (3) the communication was disclosed to interested persons.

*Id.* at 75.

Plaintiff argues that Wal-Mart's statements to the police were not made in good faith because Wal-Mart knew they were false, and therefore the privilege does not apply. This argument misreads the good faith requirement set forth in the Restatement as described by the Virginia Supreme Court. *Mansfield* requires that a party invoking the privilege show that the "statement was related to a *proceeding* contemplated in good faith and under serious consideration." *Id.* (emphasis added). The question is whether the proceeding is contemplated in good faith, not whether the defamatory statements themselves were made in good faith. To hold that the statements themselves had to be made in good faith would eviscerate the privilege and defeat the purpose of recognizing it. I conclude that under Virginia law, as long as the defamatory statement is made preliminary to a proceeding contemplated in good faith, the absolute privilege protects statements made maliciously and with knowledge that they are false.

Although I find that absolute privilege may provide a defense to the defamation claim, the privilege is an affirmative defense, and the defendant has the burden of proof to show that it applies. *Isle of Wight County v. Nogiec*, 704 S.E.2d 83, 90 (Va. 2011); *see also* Restatement (Second) of Torts § 613(2). A motion to dismiss "is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." *Richmond,*

*Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).  As a result, a court can rule on an affirmative defense at the motion to dismiss stage only "if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'"  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Forst*, 4 F.3d at 250).  There is not enough information on the face of the Amended Complaint to decide whether Wal-Mart can meet its burden of proving the affirmative defense of absolute privilege.  Thus, at this stage of the proceedings, I will not dismiss Plaintiff's Amended Complaint on that basis.[5]  Accordingly, I will deny Wal-Mart's motion to dismiss Count III of the Amended Complaint.

### D.  Punitive Damages

Finally, Wal-Mart has moved to dismiss Plaintiff's claim for punitive damages.  Strictly speaking, Plaintiff does not state a separate claim for punitive damages, but rather seeks to recover them on the basis that Wal-Mart's conduct in committing torts against her was particularly egregious.  Although punitive damages are generally disfavored in Virginia, *see Bowers v. Westvaco Corp.*, 419 S.E.2d 661, 668 (Va. 1992), I conclude that dismissing Plaintiff's claim to recover punitive damages would be premature at this time.  As discussed above, Plaintiff has adequately stated a claim for defamation.  "To recover punitive damages in a defamation case, the plaintiff must prove actual malice by 'clear and convincing evidence that [the defendant] either knew the statements he made were false at the time he made them, or that he made them with a reckless disregard for their truth.'"  *Jackson*, 624 S.E.2d at 70 (quoting *Ingles v. Dively*, 435 S.E.2d 641, 646 (1993)).  Because I find that Plaintiff has adequately

---

[5] I decline to dismiss the Amended Complaint on the basis of qualified privilege for the same reasons.  The qualified privilege "protects a communication from allegations of defamation if made in good faith, to and by persons who have corresponding duties or interests in the subject of the communication."  *Gov't Micro Res., Inc. v. Jackson*, 624 S.E.2d 63, 70 (Va. 2006) (citing *Smalls v. Wright*, 399 S.E.2d 805, 807 (1991)).  Unlike the absolute privilege, however, the qualified privilege can be overcome if a plaintiff can prove that the statements were made with malice. *Id.*  As I discuss in the next section, I find that Plaintiff has alleged malice, which would defeat qualified privilege. Wal-Mart may be able to prove at summary judgment or at trial that the qualified privilege protects it from a defamation action, but at this point Plaintiff has alleged sufficient facts to survive a motion to dismiss.

alleged that Wal-Mart knew the defamatory statements it made were false at the time it made them, Plaintiff has pleaded sufficient facts that would permit recovery of punitive damages on the defamation claim. Accordingly, I will not dismiss her claim for punitive damages.

## IV. CONCLUSION

For the foregoing reasons, I will grant Defendants' motion to dismiss Count II of the Amended Complaint, but I will deny the motion with respect to Counts I and III and to Plaintiff's claim for punitive damages. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this ___6th___ day of May, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE